**9 P.(2d) 689**

**STATE v. SULLINGER et al.**

No. 3694.

Supreme Court of New Mexico.

March 7, 1932.

Rehearing Denied March 30, 1932.

Carl A. Hatch, of Clovis, and Keith W. Edwards, of Ft. Sumner, for appellants.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

PARKER, J.

The defendants were tried and convicted, with others, upon information, of the crime of grand larceny. The information charged defendants with the larceny of "meat" of the value of $200 of the goods, chattels, and property of Mary Elizabeth Bivens, Julian Bivens, and Miles G. Bivens, then the duly appointed, qualified, and acting executors of the last will and testament of Lee Bivens, deceased. The defendants entered a plea of not guilty. They afterwards applied to the court for leave to withdraw their pleas for the purpose of moving to quash the information, which was allowed. There had been returned and filed in this case an indictment which the district attorney dismissed and afterwards filed the information upon which the defendants were tried and convicted. After the withdrawal of the pleas had been allowed, counsel for the defendants used the motion to quash which had either been filed against the indictment, or was intended to be filed. At any rate, it was carelessly used as a motion to quash the information and was wholly inapplicable thereto in any particular. The court very properly overruled this motion, whereupon the defendants again entered pleas of not guilty. This leaves the defendants with the following points which are available for consideration here:

1. Counsel for defendants argue that there was a failure of proof of ownership of the property alleged to have been stolen. In this they are mistaken. Albert Bivens, in charge of the ranch where the meat, consisting of hams, shoulders and sides, was hanging in a smokehouse, testified that this meat belonged to the Bivens ranch which had been owned by Lee Bivens in his lifetime, and

Roy A. Prentice testified that, at the time of the death of Lee Bivens in 1928, the Bivens heirs were Mrs. Lee Bivens (otherwise called Mary Elizabeth Bivens), Miles G. Bivens, and Julius Bivens (otherwise called Julian L. Bivens); that Lee Bivens left a last will and testament, that Mary Elizabeth Bivens, Miles G. Bivens, and Julian L. Bivens were the executors of said last will and testament; that the hams and shoulders during the period since January 1st to the time of trial were owned by the Bivens Endee ranch, which was owned by Mrs. Lee Bivens, Julius Bivens, and Miles Bivens. We deem this testimony sufficient to show ownership in the executors as alleged in the information.

■ 2. The defendants moved the court to instruct the jury to find a verdict of not guilty at the close of the trial on the ground that the state had failed to prove that the alleged taking was without the consent of the owners thereof. We do not deem this point to be well taken. According to the testimony of Albert Bivens, in charge of the ranch, the said hams and shoulders were hung up in a smokehouse or storeroom on the Bivens ranch and were hanging there the last time he saw them; that on or about April 18, 1930, he learned that some of said hams and shoulders had been taken from the smokehouse; that he thereupon went to the smokehouse, found the hams and shoulders gone, and thereupon reported the larceny to the sheriff of Quay county and to the sheriff of Amarillo, Tex. A witness, Vernon Churchill, a confederate of the defendants, testified that the larceny was committed by the defendants and him-

self, and there can be no doubt about the guilt of the defendants. We are unable to see how it can be claimed that there is no evidence that the larceny was committed without the consent of the owners. As soon as discovered the larceny was reported to the officers, and the defendants were promptly arrested and prosecuted.

There is no error in this record, and, for the reasons stated, the judgment of the lower court will be affirmed, and the cause remanded, and it is so ordered.

WATSON and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.

On Motion for Rehearing.

PARKER, J.

Appellants complain that we failed to decide the point, strongly urged, that the information was fatally defective in describing the subject of the larceny as "meat." It was presented as a ground for the contention that the court erred in overruling the motion to quash. We find, on re-examining the opinion, that we did not expressly cover this point in announcing our conclusion that the court properly overruled that motion.

■ The record failed to satisfy us that this objection was made in the trial court. The ruling does not indicate that the court apprehended that there was objection to the generality of the charge. The motion itself and the remarks of counsel were calculated to conceal the point if there was any inten-

tion of raising it. So, the proposition, if abstractly sound, was not available as a claim of error.

We may add that the present counsel were not concerned in the trial and are not chargeable with any mistakes there made. We do not, however, share their concern as to the serious or substantial consequences of the omissions of former counsel. We are satisfied that appellants suffered no actual prejudice. We may well assume that, if counsel had been embarrassed by doubt as to the case they must meet, they would have made proper and timely application to the court, which would have required amendment of the information, or a bill of particulars to inform appellants of the specific charge. The result could not have been changed. The motion for rehearing will be denied. It is so ordered.

WATSON and SADLER, JJ., concur.